SCOTT N. SCHOOLS (SC 9990)
United States Attorney

W. DOUGLAS SPRAGUE (CSBN 202121)
Acting Chief, Criminal Division

H. H. (SHASHI) KEWALRAMANI (TXSBN 796879)
Assistant United States Attorney

ADAM LOWRY
Law Clerk

    1301 Clay Street, Suite 340
    Oakland, California 94612
    Telephone: (510) 637-3680
    Facsimile: (510) 637-3724
    Email: Adam.C.Lowry@usdoj.gov

Attorneys for Plaintiff

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>TANISHA TALLEY, )<br>)<br>Defendant. )<br>_____ ) | No. CR07-00393 WDB<br><br><br>PLEA AGREEMENT |

    I, Tanisha Talley, and the United States Attorney's Office for the Northern District of California (hereafter "the government") enter into this written plea agreement (the "Agreement") pursuant to Rule 11(c)(1)(A) and Rule 11(c)(1)(B) of the Federal Rules of Criminal Procedure:

The Defendant's Promises

    1.    I agree to plead guilty to the sole count of the captioned information charging me with obstructing and retarding the passage of mail, in violation of 18 U.S.C. § 1701. I agree that the element of the offense and the maximum penalties are as follows: (1) the defendant did knowingly and willfully obstruct and retard the passage of the mail, and (2) without authorization..

| | | | |
|---|---|---|---|
|1| a. | Maximum prison sentence | 6 months |
|2| b. | Maximum fine | $5,000 |
|3| c. | Mandatory special assessment | $10 |

2. I agree that I am guilty of the offense to which I will plead guilty, and I agree that the following facts are true:

On October 2, 2006, I was hired at the San Francisco Bulk Mail Center by the United States Postal Service ("USPS"). In or around December 2006, I re-labeled the recipient's addresses on five packages and three were delivered to my residence. These packages were not mine and I did not have any rights to them.

3. I agree to give up all rights that I would have if I chose to proceed to trial, including the rights to a jury trial, if any, with the assistance of an attorney; to confront and cross-examine government witnesses; to remain silent or testify; to move to suppress evidence or raise any other Fourth or Fifth Amendment claims; to any further discovery from the government and to future DNA testing of physical evidence in the government's possession; and to pursue any affirmative defenses and present evidence.

4. I agree to give up my right to appeal my conviction, the judgment, and orders of the Court. I also agree to waive any right I may have to appeal any aspect of my sentence, including any orders relating to forfeiture and/or restitution.

5. I agree not to file any collateral attack on my conviction or sentence, including a petition under 28 U.S.C. § 2255, at any time in the future after I am sentenced, except for a claim that my constitutional right to the effective assistance of counsel was violated

6. I agree not to ask the Court to withdraw my guilty plea at any time after it is entered.

7. I agree to recommend the sentence set forth in Paragraph 15, below. I agree that, regardless of any other provision in this agreement, the government may and will provide to the Court and the Probation Office all information relevant to the charged offense or the sentencing decision. I also agree that the Court is not bound by the recommended sentence below, the Court may conclude that a different and/or higher sentence should be imposed, and, if it does, I will not

be entitled, nor will I ask, to withdraw my guilty plea.

8.   I agree to pay restitution for all losses caused by the offense with which I was charged and agree that the amount of restitution will not be limited to the loss attributable to the offense to which I am pleading guilty. I agree that I will make a good faith effort to pay any fine, forfeiture or restitution I am ordered to pay. Before or after sentencing, I will, upon request of the Court, the government, or the U.S. Probation Office, provide accurate and complete financial information, submit sworn statements and give depositions under oath concerning my assets and my ability to pay, surrender assets I obtained as a result of my crimes, and release funds and property under my control in order to pay any fine, forfeiture, or restitution. I agree to pay the special assessment at the time of sentencing.

9.   I agree not to commit or attempt to commit any crimes before sentence is imposed or before I surrender to serve my sentence. I also agree not to violate the terms of my pretrial release (if any); intentionally provide false information to the Court, the Probation Office, Pretrial Services, or the government; or fail to comply with any of the other promises I have made in this Agreement. I agree that, if I fail to comply with any promises I have made in this Agreement, then the government will be released from all of its promises below, but I will not be released from my guilty plea.

10.   I agree that this Agreement contains all of the promises and agreements between the government and me, and I will not claim otherwise in the future.

11.   I agree that this Agreement binds the U.S. Attorney's Office for the Northern District of California only, and does not bind any other federal, state, or local agency.

The Government's Promises

12.   The government agrees to move to dismiss any open charges pending against the defendant in the captioned information at the time of sentencing.

13.   The government agrees not to file or seek any additional charges against the defendant that could be filed as a result of the investigation that led to the captioned information.

14.   The government agrees to recommend the sentence set forth in paragraph 15, below.

Joint Sentencing Recommendation

15. The parties agree to jointly recommend the following sentence:

    a. 2 years probation;

    b. Payment of a $500 fine [or completion of community service or other qualified activities such as job training or education at the direction of the Probation Officer in lieu of payment of a fine];

    c. Payment of a mandatory special assessment fee of $10. I agree that I will pay this to the Clerk of Court on the day I am sentenced.

The Defendant's Affirmations

16. I confirm that I have had adequate time to discuss this case, the evidence, and this Agreement with my attorney, and that she has provided me with all the legal advice that I requested.

17. I confirm that while I considered signing this Agreement, and at the time I signed it, I was not under the influence of any alcohol, drug, or medicine.

18. I confirm that my decision to enter a guilty plea is made knowing the charge that has been brought against me, any possible defenses, and the benefits and possible detriments of proceeding to trial. I also confirm that my decision to plead guilty is made voluntarily, and no one coerced or threatened me to enter into this agreement.

Dated: _____

    TANISHA TALLEY
    Defendant

_____

SCOTT N. SCHOOLS
United States Attorney

Dated: _____

H. H. (SHASHI) KEWALRAMANI
Assistant United States Attorney

/ / /

/ / /

PLEA AGREEMENT
Case No. CR 07-00393 WDB

-4-

I have fully explained to my client all the rights that a criminal defendant has and all the terms of this Agreement.  In my opinion, my client understands all the terms of this Agreement and all the rights she is giving up by pleading guilty, and, based on the information now known to me, her decision to plead guilty is knowing and voluntary.

Dated: _____

_____
JOYCE LEAVITT
Attorney for Defendant